IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR ROYAL, | : | No. 4:19cv1993 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| C.O. BOONE, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is the Report and Recommendation ("R&R") issued by Magistrate Judge William I. Arbuckle on August 29, 2023. The R&R recommends granting the defendant's second motion for summary judgment in this action involving allegations of the use of excessive force on plaintiff. Plaintiff Jamar Royal has filed objections to the R&R. The parties have briefed their respective positions, and the matter is ripe for disposition.

## Background[1]

On October 14, 2017, plaintiff was incarcerated at SCI Rockview, and was housed in cell 1030 of the restricted housing unit ("RHU"). At approximately 11:07 a.m., plaintiff tied his bedsheet to the wall and lit it on fire.

---

[1] These facts are derived from the R&R. The court quotes them here with only minor editing and stylistic changes. (See Doc. 67, R&R at 1-4). To avoid repetition, the citations to the record have been omitted.

Through the closed cell door, Defendant Corrections Officer Boone put plaintiff in handcuffs, ordered him to go to the back of his cell, and used a fire extinguisher to put out the fire. Once the fire was extinguished, defendant opened the cell door and four corrections officers escorted plaintiff to RHU cell 1048.

When the plaintiff and the corrections officers arrived at cell 1048, plaintiff took a step into the cell. Officers guided him backwards out of the cell, for a pat search of his person. Defendant Corrections Officer Boone conducted the pat search. When defendant reached plaintiff's lower back, plaintiff began to resist the search by pulling away from the officers. Defendant and two other corrections officers put plaintiff on the ground.

Plaintiff alleges that, while he was on the ground, not resisting and in handcuffs, defendant "struck" him in the face "with a closed fist." Defendant argues, relying on video footage of the incident, that there is no evidence plaintiff was "punched" in the face. He suggests that this video illustrates that no member of the correctional staff moved an arm backwards in a striking motion with a closed fist, as plaintiff alleges.

Following the incident, plaintiff was escorted to the medical room for assessment and treatment. Photographs were taken of plaintiff's person. Medical staff noted no injuries.

solely on the issue of PLRA exhaustion. Ultimately, the court denied this motion. (Doc. 37).

On December 23, 2022, defendant filed a second motion for summary judgment addressing the merits of plaintiff's Eighth Amendment claim. (Doc. 45). After the parties fully briefed the motion, Magistrate Judge Arbuckle issued the instant R&R. The R&R recommends the granting of defendant's motion for summary judgment on the grounds that the evidence does not support a claim for excessive force, and the defendant is thus shielded by qualified immunity. Plaintiff filed objections and the parties have briefed their respective positions, bringing the case to its present posture.[2]

**Jurisdiction**

As plaintiff brings suit for the use of excessive force, his claim falls under 42 U.S.C. § 1983, and we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those

---

[2] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

solely on the issue of PLRA exhaustion. Ultimately, the court denied this motion. (Doc. 37).

On December 23, 2022, defendant filed a second motion for summary judgment addressing the merits of plaintiff's Eighth Amendment claim. (Doc. 45). After the parties fully briefed the motion, Magistrate Judge Arbuckle issued the instant R&R. The R&R recommends the granting of defendant's motion for summary judgment on the grounds that the evidence does not support a claim for excessive force, and the defendant is thus shielded by qualified immunity. Plaintiff filed objections and the parties have briefed their respective positions, bringing the case to its present posture.[2]

**Jurisdiction**

As plaintiff brings suit for the use of excessive force, his claim falls under 42 U.S.C. § 1983, and we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those

---

[2] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In deciding whether to adopt portions of the the report and recommendation to which no objections have been filed, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

**Discussion**

The R&R concludes that summary judgment is appropriate in favor of the defendant under the doctrine of qualified immunity. Qualified immunity shields "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 102 (1982). "In considering whether qualified immunity

attaches, courts perform a two-pronged analysis to determine: (1) 'whether the facts that the plaintiff has alleged make out a violation of a constitutional right,' and (2) 'whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.' " Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017), cert. denied, 138 S. Ct. 1990 (2018) (quoting Pearson v. Callahan, 555 U.S. 223, 232 (2009)).  Here the R&R suggests that the plaintiff has not alleged facts that make out a violation of a constitutional right; therefore, qualified immunity applies.

Plaintiff alleges defendant exerted excessive force in violation the Eighth Amendment prohibition of cruel and unusual punishment.  To constitute cruel and unusual punishment, the force used must be "repugnant to the conscience of mankind" and "inconsistent with contemporary standards of decency." Whitley v. Albers, 475 U.S. 312, 327 (1986).

The court's task when evaluating an excessive force claim is to determine if officers used force in a good faith effort to maintain/restore discipline or if they applied force maliciously and sadistically to cause harm. Smith v. Mensigner, 293 F.3d 641, 649 (3d Cir. 2002).  The United States Supreme Court has identified the following five (5) factors a court may examine in making this decision:  1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the extent of the injury inflicted; 4) the

6

extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and 5) any efforts made to temper the severity of the forceful response. Whitley, 475 U.S. at 322.

The R&R analyzed all of these factors and concluded that the first, second, third, and fourth factor weigh in favor of the defendant. According to the R&R, the fifth factor is neutral. Thus, a balancing of the factors indicate that plaintiff did not make out a claim of excessive force under the Eighth Amendment and the doctrine of qualified immunity shields the defendant from liability. (Doc. 67, R&R at 23-26). The plaintiff raises six (6) objections to the R&R which the court will address *seriatim*.

**1. Court acting as fact-finder**

The plaintiff first objects to the R&R's analysis of the facts of the case, and asserts that the court acted like a "jury" in interference with the plaintiff's right to a jury trial under the Seventh Amendment to the Constitution. (Doc. 70, Pl.'s Obj. at 2). This objection lacks merit.

Before performing the analysis of plaintiff's excessive force claim, the R&R discusses whether the defendant's statement of material facts should be deemed undisputed and whether the portions of plaintiff's statement of material fact, which are non-responsive to defendant's statement of material facts should be disregarded. (Doc. 67, R&R, 14-16).

7

The R&R appropriately addressed this issue. Local Rule 56.1 provides that a party moving for summary judgment must file a statement of material facts as to which that party contends there is no genuine issue to be tried. A party opposing summary judgment must file "a separate, short and concise statement of material facts, responding to the numbered paragraphs" in the movant's statement of material facts. L.R. 56.1. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Here, defendant filed a statement of material facts but instead of responding thereto, plaintiff filed a separate statement of material facts - unresponsive to the defendant's statement. (Doc. 59). The non-responsive portions of a statement of material facts filed by a non-moving party may be stricken or disregarded. See, e.g., Williams v. Gavins, No. 1:13-cv-0387, 2015 WL 65080, at *5 (M.D. Pa. Jan. 5, 2015), aff'd sub nom. Williams v. Gavin, 640 F. App'x 152 (3d Cir. 2016) (unpublished); Bautista v. Carey, No. 1:21cv126, 2023 WL 157991, at *5 n.2 (M.D. Pa. Jan. 11, 2023). Thus, Magistrate Judge Arbuckle appropriately refrained from the consideration of any unsupported and non-responsive allegations set forth in plaintiff's statement of facts.

The R&R further deemed as admitted the material facts set forth in defendant's statement of material facts if those facts were not contradicted by

other evidence in the record. (Doc. 67, p. 15). This procedure was appropriate under Local Rule 56.1. See Bautista, No. 1:21cv126, 2023 WL 157991, at *5 n.2 Accordingly, plaintiff's objection dealing with the manner in which the R&R treats the facts of this case will be denied.

2. **The R&R's use of terminology**

Plaintiff next objects to the court referring to his being struck by a closed fist as a "redirection." The R&R, however, does not suggest that the use of the term "redirection" is more appropriate than indicating defendant struck plaintiff with a closed fist. The R&R merely points out that a review of plaintiff's materials indicates that the strike he refers to is the same as the "redirection" discussed in the correctional facility's report, DC-121. (See Doc. 67 at 16-17). The fact that two different terms are used to describe the use of force does not affect the substance of plaintiff's claim. Accordingly, this objection will be denied.

3. **Use of force**

The plaintiff's third objection refers the following statement made on page 20 of the R&R: "After the use of force, Plaintiff was offered medical care twice . . . ." Plaintiff evidently contends that the R&R is inconsistent in that it deems the defendant's actions as a "use of force" but then ultimately rules against the plaintiff. This objection lacks merit. The R&R concludes, by reviewing the facts

in the light most favorable to the plaintiff, that a triable issue of fact exists as to whether force was used against him. (Doc. 67, R.&R. at 22) The fact that defendant may have used force, however, does automatically give rise to a violation of defendant's Eighth Amendment rights. The force used must be "excessive" in a constitutional sense. See Whitley, supra. The R&R concludes, based upon its legal analysis, and applicable Supreme Court precedent, as discussed more fully below, that any force used was not excessive under the Eighth Amendment. Accordingly, plaintiff's third objection will be overruled.

4. **Visible injury**

The R&R concludes that plaintiff suffered no visible injury due to the incident. This conclusion is based upon the video of the incident. Plaintiff objects to this conclusion on the basis that injuries do not always leave visible marks and he may not have exhibited much of a bruise as his complexion is medium brown. This objection will be overruled.

The video speaks for itself and reveals no injury to the plaintiff's face. Plaintiff's face does not appear swollen or bruised. The R&R appropriately uses the evidence to determine that plaintiff suffered no visible injury. See Scott v. Harris, 550 U.S. 372, 380-81 (2007) (explaining that when a party's "version of events is so utterly discreditted by the record that no reasonable jury could have believed him," the court deciding the summary judgment motion should not rely

on plaintiff's allegations, but should view "the facts in the light depicted in the videotape.") Moreover, plaintiff refused medical treatment twice and indicated that nothing was wrong with him. (Doc. 46-6, Def. Stmt. of Facts, p. 22). The R&R, however, does point out that a plaintiff "need not prove a significant injury in order to establish an excessive force claim." (Doc. 67 at 25).

Plaintiff's argument that the bruising could not be seen because of his complexion is evidently raised for the first time in his objections and is not supported by evidence of record. Therefore, plaintiff's objection lacks merit and will be overruled.

**5. Video of the punch or closed fist strike**

Plaintiff's fifth objection involves the R&R's statement that the "video does not show any 'punch' or closed-fisted strike to Plaintiff's face." (Doc. 67, R&R at 21). Plaintiff appears to allege that this statement is improper as the R&R further notes that the handheld camera was not in use at the time force was applied and the R&R suggests that due to the angle of the other cameras, it could not be determined whether a punch occurred or not.

This objection appears to merely be a misreading of the R&R. When Magistrate Judge Arbuckle wrote that the video does not show a punch, he was

not determining that a punch did not occur. He merely points out that the video itself does not show whether a punch occurred.

Moreover, the R&R concludes for the purpose of the motion that it is a question of fact as to whether force was used on plaintiff's face. (Doc. 67, R&R at 22). The R&R then analyzes whether the force was excessive. Accordingly, the plaintiff's fifth objection will be overruled.

### 6. **Whitley factors**

As noted above, the R&R applies the factors set forth in Whitley v. Albers, 475 U.S. 312 (1986) and concludes that the balance of the factors weighs in favor of summary judgment being granted to the defendant. Plaintiff objects to this recommendation for several reasons. First, he claims the handheld camera was turned off and then defendant used force and the camera was turned back on. Plaintiff cites to nothing in the record that establishes or even raises a question as to whether this occurred. It appears that the handheld camera was turned on at some point during the incident, after the alleged use of force, not that the camera was turned on, then turned off and then turned back on again. Accordingly, this objection will be overruled.

Plaintiff sixth objection deals with whether he tried to bite the corrections officers during the incident. Plaintiff argues that he did not try to bite the officers. The R&R, however, does not base its holding on a finding that plaintiff tried to

12

bite the officers. Magistrate Judge Arbuckle suggests that *even assuming that plaintiff did not* clinch his mouth to spit or bite, and that he gave no indication he was going to spit on the officers physically securing him on the floor, the Whitley factors almost universally weigh in favor of Defendants. (Doc. 67 at 22).

The R&R further explains that "even accepting plaintiff's position that he had no intention of spitting, no reasonable factfinder could conclude from the evidence that Defendant was objectively unreasonable in his belief that Plaintiff's conduct posed a threat to the security of the institution and to the safety of the officer tasked with securing Plaintiff. Plaintiff was agitated, had a history of spitting on corrections staff, may have been in possession of a fire-starting device, and physically resisted attempts to conduct a pat search." (Id. at 24). Thus, plaintiff's statement that he had no intention of spitting is not a convincing objection to the R&R's analysis which was made "even accepting Plaintiff's position that he had no intention of spitting." (Doc. 67, R&R at 24). This portion of the objection will be overruled.

Plaintiff's also notes in his objection that he need not prove a significant injury to prevail on a § 1983 claim. Any objection plaintiff makes on this point lacks merit. The R&R applied the same legal tenet upon which plaintiff relies, that is: "An inmate need not prove a significant injury in order to establish an excessive force claim." (Doc. 67 at 25). The R&R in no way held that plaintiff's

13

claim should be dismissed because he did not prove a significant injury. Thus, any claim that the R&R did not properly identify, state or apply this law will be overruled.

The court has addressed all the specific objections raised by the plaintiff. The remainder of the R&R is not objected to and will be adopted as there is no clear error on the face of the record. 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

**Conclusion**

For the foregoing reason, the plaintiff's objections will be overruled. The R&R's recommendation that the defendant's motion for summary judgment be granted will be adopted. An appropriate order follows.

Date: 1/5/24

JUDGE JULIA K. MUNLEY
United States District Court